UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
CALEP CORTES, NASARIO GARCIA TERAN, :
SEBASTIAN GUZMAN and MIGUEL ANGEL :
GOMEZ MARTINEZ,                      :    Case No.: 15-cv-1907
                                     :
              Plaintiffs,            :
                                     :
       v.                            :
                                     :
DBTG14 LTD. (d/b/a DIRTY BIRD TO GO), :
DBTG CHAMBERS LLC (d/b/a DIRTY BIRD TO :
GO) and JOSEPH CIRIELLO,             :
                                     :
              Defendants.            :
----------------------------------------x

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into by and between CALEP CORTES, NASARIO GARCIA TERAN, SEBASTIAN GUZMAN, MIGUEL ANGEL GOMEZ MARTINEZ (each a "Plaintiff" and collectively, "Plaintiffs") and DBTG14 LTD., DBTG CHAMBERS LLC, and JOSEPH CIRIELLO (each a "Defendant" and collectively, "Defendants"). Plaintiffs and Defendants are collectively the "Parties."

WHEREAS, Plaintiffs filed a lawsuit in the United States District Court for the Southern District of New York styled *Cortes, et al. v. DBTG 14 LTD, et al.*, No. 15-CV-1907 (the "Federal Court Action"), asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law (the "Claims"); and

WHEREAS, Defendants believe they acted lawfully and properly at all times and in all respects and specifically deny any and all liability for the Claims alleged by Plaintiffs, but desire to avoid the legal fees and expenses that necessarily will result from further litigation; and

WHEREAS, Plaintiffs and Defendants desire to resolve and fully settle these and all other existing and/or potential disputes which may arise relating to and in connection with Plaintiffs' employment by Defendants; and

WHEREAS, counsel for Plaintiffs and Defendants, respectively, have exchanged and analyzed payroll and employment documents and have negotiated at arm's-length to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

WHEREAS, Plaintiffs enter into this Agreement knowingly and voluntarily and with a full understanding of its terms and acknowledges that they have competent counsel of their own

choosing who has fully reviewed this Agreement, and as such, Plaintiffs acknowledge and agree that they fully understand the meaning and intent of this Agreement; and

WHEREAS, in consideration of the mutual promises and covenants contained herein, the sufficiency of which is acknowledged by Plaintiffs and Defendants, the Parties agree as follows:

1. NO ADMISSION OF LIABILITY: The Parties agree and acknowledge that this Agreement (including any of its discrete subparts) is not, and shall not be construed as, an admission by the Defendants (or any person or entity acting on their behalf) that they have engaged in any unlawful conduct, or as evidence of any liability or wrongdoing whatsoever. All such liability is expressly denied. Neither this Agreement, nor anything contained in it, shall be introduced in any proceeding, except to enforce this Agreement or to defend against any claim relating to the subject matter of the release contained herein, or as required by court order, subpoena or other legal process.

2. EFFECTIVE DATE: The Effective Date of this Agreement shall be the date of the Court's entry of the Stipulation and Order of Dismissal With Prejudice, annexed hereto as Exhibit A, or a similar judgment, exercising approval of the Agreement pursuant to the requirements of the FLSA.

3. PAYMENT: In consideration of Plaintiffs' execution of this Agreement and the promises and covenants contained herein, and subject to the Court's approval of the Agreement pursuant to the requirements of the FLSA, Defendants agree that they will pay Plaintiffs the sum of Fifty Thousand Dollars ($50,000) (the "Settlement Amount") in full satisfaction of any and all claims that Plaintiffs have or may have against Defendants through the date of this Agreement, including claims for costs, damages, expenses, and attorneys' fees. Plaintiffs acknowledge that the Settlement Amount provides valid consideration for the release and waiver of claims and rights contained in Paragraph 5 herein.

(a) The Settlement Amount shall be paid to Plaintiffs and their counsel in the following amounts, less any applicable taxes and withholdings as required by law, as indicated in sub-section(f) below:

| Name | Amount |
|---|---|
| CALEP CORTES | $8,453.10 |
| NASARIO GARCIA | $10,493.40 |
| SEBASTIAN GUZMAN | $9,765 |
| MIGUEL ANGEL GOMEZ MARTINEZ | $1,288.50 |
| MICHAEL FAILLACE & ASSOCS., P.C. | $20,000 |

2

(b) The Settlement Payment shall be made in four (4) installments on the dates and in the amounts set forth below, with each Plaintiff to receive a proportional share of each installment payment corresponding to their respective share of the overall Settlement Amount as indicated in sub-sections (a) above and (e) below, less any applicable taxes and withholdings:

- January 15, 2016 - $10,000
- April 15, 2016 - $10,000
- August 15, 2016 - $15,000
- December 15, 2016 - $15,000

(c) The payments shall be made by separate checks payable to each individual Plaintiff and their counsel, in accordance with sub-section (a) above and (e) below, and shall be tendered to Plaintiffs' counsel, Michael Faillace & Associates, P.C. Attn: Jesse S. Barton, Esq., One Grand Central Place, 60 East 42nd Street, Suite 2540, New York, NY 10165 for distribution to each of the Plaintiffs. The foregoing payments shall represent the full, final and complete settlement of all claims by Plaintiffs against Defendants and all other released entities referenced below, including for any compensation, attorneys' fees, costs and expenses.

(d) Concurrently with the execution of this Agreement, Defendant Joseph Ciriello shall execute and deliver to Plaintiffs' counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit A. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within ten (10) days of receipt of written notice (to be delivered to Defendants at 285 Mott Street, Apt. B25, New York, New York 10012 and their counsel, Jonathan L. Adler, Esq., at Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016) of such default from Plaintiffs. Any such Notice of Default shall be deemed received five days after it is mailed. Each installment payment made in accordance with this Agreement shall reduce the amount of judgment confessed in the Confession of Judgment by the amount of the installment payment on the date of each installment payment. The Parties hereby acknowledge and agree that upon full payment of the Settlement Amount by Defendants as set forth herein, the Confession of Judgment will be null and void, and shall be returned to Defendants' Counsel within three (3) business days after full payment is received by Plaintiffs.

(e) For purposes of tax withholding, Plaintiffs affirmatively represent that 30% of the Settlement Amount is wage income subject to W-2 tax treatment and 70% of the Settlement is in consideration for liquidated damages, penalties, and interest as non-wage payments subject to 1099 reporting. 70% of the Settlement Amount shall be made payable to "Michael Faillace & Associates, P.C. *as attorneys for Plaintiffs*. Plaintiffs' counsel shall assume full responsibility for distributing the non-wage portion of the Settlement Amount to Plaintiffs in accordance with this Agreement

3

(f) "Prior to receiving said payments, each Plaintiff and Plaintiffs' counsel shall provide Defendants with executed W9 forms.

(g) The reporting and payment of applicable taxes, if any, on any portion of the Settlement Amount payable as non-wage income shall be the sole responsibility of Plaintiffs. Each individual Plaintiff agrees that to the extent that any other federal, state or local taxes may be or become due or payable as a result of any of the above payments, he shall be solely responsible for paying them. Each Plaintiff further agrees that he has not relied upon any representation made by Defendants or any of its representatives concerning the tax treatment of said payments. Plaintiffs shall indemnify Defendants from, and hold them harmless against, any claims made by administrative agencies or courts of competent jurisdiction for such unpaid taxes, as a result of any such claims.

4. **NO OTHER PAYMENTS DUE AND OWING**: Plaintiffs hereby acknowledge and agree that, after receipt of payment set forth in Paragraph 3 herein, that they have been paid in full for all time worked through the date of this Agreement and are not entitled to any other form of compensation, including, but not limited to, any wages, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in the Agreement.

5. **RELEASE AND WAIVER OF CLAIMS**: Each individual Plaintiff, on behalf of himself, his heirs, successors, current and former agents, representatives, assigns, executors, beneficiaries and administrators, forever waives, generally releases, and fully discharges Defendants, their attorneys, managers, shareholders and officers, in their capacities as such, from any and all claims, charges, demands, causes of action, fees, liabilities, and expenses of any kind whatsoever, whether known or unknown, suspected or unsuspected, from the beginning of time to the date of the execution of this Settlement Agreement, by reason of any actual or alleged act, statement, omission, transaction, practice or occurrence arising from or concerning in any way Plaintiff's employment by Defendants, including, but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), New York Labor Law, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981a, et seq. ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), the Age Discrimination in Employment Act of, 29 U.S.C. § 621, et seq. ("ADEA"), the Older Workers Benefit Protection Act, the Equal Pay Act, 29 U.S.C. § 201, et seq., ("EPA"), the Family and Medical Leave Act, 29 U.S.C. §§2601, et seq. ("FMLA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), Whistleblower Protection Statutes, 10 U.S.C §2409, 12 U.S.C. § 1831j, 31 U.S.C. § 5328, 41 U.S.C. § 265, (collectively as "WPS"), the Immigration Reform and Contract Act, New York Human Rights Law, Executive Law § 290 et seq., the New York City Human Rights Law, New York Admin. Code § 8-502, et seq., the New York State Whistleblower's Act, New York Minimum Wage Act, New York State Prevailing Wage Laws, New York wage-hour and wage-payment laws, and any other federal, state or local wage and hour, overtime, and anti-discrimination laws, and any common law contract and tort claims arising out of or in any way relating to Plaintiff's employment with Defendants, provided, however, that the Parties do not hereby release any rights to pursue enforcement of the terms of this Settlement Agreement.

6. **NO REEMPLOYMENT**: Plaintiffs acknowledge that their employment with Defendants has ended, and that after receipt of payment set forth in Paragraph 3 above, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs. Plaintiffs recognize that their employment relationship with Defendants has been permanently and irrevocably severed and accordingly they agree not to seek or accept employment or an independent contractor relationship with Defendants in the future.

7. **NO ACTIONS OR PROCEEDINGS FILED OR PENDING**. Plaintiffs represent that, other than the Federal Court Action, they have not filed or caused to be filed any complaints, charges, applications, actions, claims or grievances against Defendants with any local, state or federal agency, court or other body, and, agrees that they will not at any time hereafter file or cause to be filed any complaint, charge, application, action, claim or grievance against Defendants based on any act, omission or other thing arising or accruing on or prior to the date of signing this Agreement, whether known or unknown at the time of signing.

8. **NON-COOPERATION**. Plaintiffs agree that, in exchange for the benefits that Defendants will provide to them under this Agreement, Plaintiffs will not, except as required by law, commence, prosecute, maintain, participate in as a party, permit to be filed by any other person on their behalf, or assist in the commencement or prosecution of as an advisor, witness or otherwise, any action or proceeding of any kind, on their own behalf, on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, against Defendants arising out of or relating to Plaintiffs' employment with Defendants. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions and that they will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Plaintiffs further agree to waive the right to recover any monetary damages or personal relief in any charge or lawsuit filed by anyone else on their behalf. Plaintiffs also waive the right to become, and promise not to consent to become, a member of any class in a case in which claims are asserted against Defendants that are related in any way to Plaintiffs' employment with Defendants, and that involve events which have occurred as of the date Plaintiffs sign this Agreement.

9. **DISMISSAL OF FEDERAL COURT ACTION WITH PREJUDICE**: Concurrently with the execution of this Settlement Agreement, the Parties shall execute a Stipulation and Order of Dismissal With Prejudice on Consent, in the form annexed hereto as Exhibit B, and further agree to take such other action as necessary to withdraw or dismiss the Federal Court Action with prejudice.

10. **CHOICE OF LAW**: This Agreement shall in all respects be interpreted, enforced, and governed under the substantive and procedural laws of the State of New York. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against either of the Parties.

11. <u>SEVERABILITY</u>: Should any of the provisions of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement.

12. <u>EXECUTION IN COUNTERPARTS</u>: This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>COMPLETE DEFENSE</u>. This Agreement may be plead as a full and complete defense to, and may be used as the basis or an injunction against any action, causes of action, suit or other proceeding which may be instituted, prosecuted or attempted in breach hereof.

14. <u>NO IMPLIED WAIVER</u>. The failure of the Parties to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive them of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

15. <u>ENTIRE AGREEMENT</u>: This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter of Plaintiffs' employment with Defendants. No changes, additions or modifications to this Agreement shall be valid unless set forth in writing and signed by each of the parties.

16. <u>VALIDITY</u>. If any provision, term, or clause of this Agreement is declared illegal, unenforceable or ineffective in a legal form, that provision, term, or clause shall be deemed severable, such that all other provisions, terms, and clauses of this Agreement shall remain valid and binding upon all Parties.

17. <u>PARTIES' UNDERSTANDING</u>. BY SIGNING THIS SETTLEMENT AGREEMENT, EACH PLAINTIFF ACKNOWLEDGES AND AGREES THAT: (A) HE HAS BEEN ADVISED THAT HE HAS A PERIOD OF NOT LESS THAN TWENTY-ONE (21) DAYS FROM THE DATE ON WHICH HE RECEIVED A COPY OF THIS SAGREEMENT, WITHIN WHICH TO CONSIDER THIS SETTLEMENT AGREEMENT, INCLUDING THE WAIVERS AND RELEASES SET FORTH IN SECTION 5 ABOVE, AND THAT HE MAY CHOOSE TO SIGN THIS SETTLEMENT AGREEMENT AT ANY TIME WITHIN THE TWENTY-ONE (21) DAY PERIOD; (B) HE HAS CAREFULLY READ AND UNDERSTANDS THE TERMS OF THIS SETTLEMENT AGREEMENT, AND THAT, IF NECESSARY, IT HAS BEEN TRANSLATED INTO HIS PRIMARY LANGUAGE; (C) HE HAS SIGNED THIS SETTLEMENT AGREEMENT FREELY AND VOLUNTARILY AND WITHOUT DURESS OR COERCION AND WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND CONSEQUENCES AND OF THE RIGHTS RELINQUISHED, SURRENDERED, RELEASED AND DISCHARGED HEREUNDER; (D) THE ONLY CONSIDERATION FOR SIGNING THIS SETTLEMENT AGREEMENT ARE THE TERMS STATED HEREIN AND NO OTHER PROMISE, AGREEMENT OR REPRESENTATION OF ANY KIND HAS BEEN MADE TO HIM BY ANY PERSON OR ENTITY

WHATSOEVER TO CAUSE HIM TO SIGN THIS SETTLEMENT AGREEMENT; AND (E) HE WAS APPRISED BY DEFENDANTS OF HIS RIGHT TO CONSULT WITH LEGAL COUNSEL OR A REPRESENTATIVE OF HIS CHOICE AND THAT HE DID SO CONSULT WITH LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT.

18. REVOCATION OF ADEA RELEASE. THE RELEASE OF ADEA CLAIMS SET FORTH IN PARAGRAPH 5 OF THIS SETTLEMENT AGREEMENT MAY BE REVOKED, IN A WRITING SENT TO COUNSEL FOR DEFENDANTS, JONATHAN L. ADLER, HERRICK, FEINSTEIN LLP, 2 PARK AVENUE, NEW YORK, NEW YORK 10016, AT ANY TIME DURING THE PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DATE OF EXECUTION BY EACH INDIVIDUAL PLAINTIFF. IF SUCH SEVEN (7) DAY REVOCATION PERIOD EXPIRES WITHOUT PLAINTIFF EXERCISING THEIR REVOCATION RIGHTS, THE OBLIGATIONS OF THIS SETTLEMENT AGREEMENT THEN WILL BECOME FULLY EFFECTIVE.

19. REPRESENTATION ON AUTHORITY OF SIGNATORIES. Each Party signing this Agreement represents and warrants that they are duly authorized and have legal capacity to execute and deliver the Agreement.

IN WITNESS WHEREOF, this Settlement Agreement and General Release is executed this 16 day of December 2015.

By: _____
    Calep Cortes

By: _____
    Nasario Garcia Teran

By: _____
    Sebastian Guzman

By: Miguel Gomez Mtz
    Miguel Angel Gomez Martinez

DBTG14 LTD.
By: _____
Print Name JOSEPH CIRIELLO
Title PRESIDENT

DBTG Chambers LLC
By: _____
Print Name JOSEPH CIRIELLO
Title PRESIDENT

DBTG14 LTD.
By: _____
    Joseph Cirello

7

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CALEP CORTES, NASARIO GARCIA TERAN, :
SEBASTIAN GUZMAN and MIGUEL ANGEL :
GOMEZ MARTINEZ, :          Index No.:
:
Plaintiffs, :          **AFFIDAVIT OF CONFESSION OF**
:          **JUDGMENT**
v. :
:
DBTG14 LTD. (d/b/a DIRTY BIRD TO GO), :
DBTG CHAMBERS LLC (d/b/a DIRTY BIRD TO :
GO) and JOSEPH CIRIELLO, :
:
Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

JOSEPH CIRIELLO, being duly sworn, deposes and says:

1. I reside in New York County at 285 Mott Street, Apt. B25, New York, New York 10012.

2. I am the President of DBTG14 LTD. (d/b/a Dirty Bird To Go) and DBTG Chambers LLC (d/b/a Dirty Bird To Go) I am duly authorized to make this affidavit of confession of judgment on behalf of DBTG14 LTD. (d/b/a Dirty Bird To Go) and DBTG Chambers LLC (d/b/a Dirty Bird To Go).

3. Pursuant to the terms of the Settlement Agreement and General Release dated December 16, 2015 by and between CALEP CORTES, NASARIO GARCIA TERAN, SEBASTIAN GUZMAN, MIGUEL ANGEL GOMEZ MARTINEZ (each a "Plaintiff" and collectively, "Plaintiffs") and DBTG14 LTD. (d/b/a Dirty Bird To Go), DBTG CHAMBERS LLC (d/b/a Dirty Bird To Go), and JOSEPH CIRIELLO (each a "Defendant" and collectively, "Defendants") (the "Settlement Agreement"), I hereby confess judgment and authorize entry thereof in New York County against me individually and against DBTG 14 LTD and DBTG Chambers LLC in favor of Plaintiffs for the sum of FIFTY THOUSAND DOLLARS AND NO CENTS ($50,000).

8

4. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed which provides that Defendants are to make the following payments to Plaintiffs on the following dates:

- January 15, 2016 - $10,000
- April 15, 2016 - $10,000
- August 15, 2016 - $15,000
- December 15, 2016 - $15,000

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the payment obligations in the Settlement Agreement and failure to cure as set forth in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $50,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against each of DBTG14 LTD. (d/b/a Dirty Bird To Go) and DBTG Chambers LLC (d/b/a Dirty Bird To Go) and myself, JOSEPH CIRIELLO, personally, jointly and severally.

JOSEPH CIRIELLO, Individually and as Owner of DBTG14 LTD. (d/b/a Dirty Bird To Go) and DBTG Chambers LLC (d/b/a Dirty Bird To Go)

Sworn to before me this
16 day of December 2015

Notary Public

JONATHAN L. ADLER
Notary Public, State of New York
No. 02AD6158524
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Jan. 2, 20 17

9

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
CALEP CORTES, NASARIO GARCIA TERAN, :
SEBASTIAN GUZMAN and MIGUEL ANGEL :
GOMEZ MARTINEZ, :             Case No.: 15-cv-1907
:
                 Plaintiffs, :   **STIPULATION AND ORDER OF**
:   **DISMISSAL WITH PREJUDICE**
   v. :                          **ON CONSENT PURSUANT TO FED**
:   **R. CIV. PROC. 41(a)(1)(A)(ii)**
DBTG14LTD. (d/b/a DIRTY BIRD TO GO), :
DBTG CHAMBERS LLC (d/b/a DIRTY BIRD TO :
GO) and JOSEPH CIRIELLO, :
:
                 Defendants. :
-------------------------------x

     This Stipulated Order of Dismissal With Prejudice is entered into by the parties through their undersigned attorneys pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

     **WHEREAS** the parties have agreed to dismissal of this action with prejudice;

     **WHEREAS** the Court has been advised of the settlement and has determined that the terms of the settlement of this litigation are a fair and reasonable settlement of disputed Fair Labor Standards Act and other claims brought by plaintiff;

     **NOW THEREFORE**, the Court hereby dismisses with prejudice this action and any and all claims that were or could have been raised in this action. The parties shall bear their own costs.

Dated: December 18, 2015

| | |
|---|---|
| MICHAEL FAILLACE & ASSOCS., P.C. | HERRICK, FEINSTEIN LLP |
| By: _____ | By: _____ |
|      Jesse S. Barton, Esq. |      Jonathan L. Adler, Esq. |
| One Grand Central Place | 2 Park Avenue |
| 60 East 42nd Street, Suite 2540 | New York, New York 10016 |
| New York, New York 10165 | Tel: (212) 592-5936 |
| Tel: (212) 317-1200 | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

SO ORDERED.

_____
Hon. Sarah Netburn, U.S.M.J.